James MARLOW

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. No. 3–75–328.

United States District Court, E. D. Tennessee, N. D.

Feb. 25, 1976.

James E. Tipton, Jr., Kramer, Johnson, Rayson, Greenwood & McVeigh, Knoxville, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action to review the final decision of the Secretary of the Department of Health, Education and Welfare denying plaintiff's claim as a miner for black lung benefits pursuant to the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.*

Plaintiff is a 62-year-old ex-coal miner with a first-grade education who worked in underground mines from about 1939 until 1954 when he was laid off. He has not been employed since that time.

The Hearing Examiner did not make a specific finding as to how many years plaintiff was employed in the mines and the Appeals Council found that his employment was "in excess of 10 years." (Tr. 10). Plaintiff testified that he was so employed for seventeen (17) years and other evidence of record supports this testimony. (Tr. 34, 42, 97, 110). We do not consider the Itemized Statement of Earnings (Tr. 75–78) as being conclusive evidence that plaintiff only worked in the mines from 1942 until 1954 since plaintiff testified that he worked three and one-half (3½) years in a "truck mine" before 1942. (Tr. 44).

Whether the plaintiff was employed in the coal mines for fifteen years or more is

an important element of this case. In the absence of a finding on this question, adequate review in this Court is impossible.

■ Although a live miner may fail to establish "true" statutory pneumoconiosis with X-ray or biopsy evidence, he may be entitled to a rebuttable presumption of total disability due to pneumoconiosis if he shows that he is totally disabled because of a respiratory or pulmonary impairment. *Ansel v. Weinberger*, 529 F.2d 304 (6th Cir. 1976). In order to be entitled to this presumption, a claimant must have no positive X-rays, at least fifteen (15) years coal mine employment and a totally disabling respiratory or pulmonary impairment arising out of his coal mine employment. 30 U.S.C. § 921(c)(4).

■ Judge Lively indicates in the *Ansel* case that this presumption may not be rebutted by negative X-ray evidence or negative pulmonary function studies. Slip Opinion at 310. *See* 30 U.S.C. § 921(c)(4)(A). In the present case, the only new evidence considered by the Appeals Council in its decision reversing the Hearing Examiner was X-ray evidence and an analysis of the pulmonary function studies of record. (Tr. 118–124).

In the present case, Dr. Fox examined plaintiff on March 30, 1973 and found that plaintiff had considerable inspiratory difficulty and he found rounded opacities in the lungs up to 2.5 mm in size. His impression was mild hypertensive cardio-vascular disease, pulmonary emphysema, chronic obstructive pulmonary disease on the basis of coal miner's pneumoconiosis. (Tr. 98). Dr. McNeely's impression on August 8, 1974 was chronic bronchitis. (Tr. 108). Although Dr. Swann heard no rales or wheezes and found no evidence of cyanosis,

clubbing or edema, his impression of plaintiff's condition was "coal worker's pneumoconiosis." (Tr. 110).

The Hearing Examiner found that there was no evidence that plaintiff could return to his usual coal mine employment in determining that the interim presumption of 20 C.F.R. § 410.490 was not rebutted. (Tr. 26C). Although the Appeals Council may have been correct in finding that the interim presumption had not been raised by the X-ray evidence and pulmonary function studies of record, there is no evidence in the record to indicate that the Hearing Examiner was incorrect in finding that plaintiff could not return to his usual coal mine employment or other comparable employment. *See* 30 U.S.C. § 902(f). 20 C.F.R. § 410.412(a).

Thus, it appears from the record that plaintiff may have shown that he suffers from a totally disabling respiratory or pulmonary impairment. It is, therefore, critical to the present case that the Secretary determine whether plaintiff has fifteen (15) or more years of coal mine employment in order to determine if the presumption of 30 U.S.C. § 921(c)(4) applies.*

The Secretary did not have the benefit of the *Ansel* case when the final administrative decision was made in this case. Accordingly, the case is remanded for the Secretary to make additional findings and conclusions in light of that decision. 42 U.S.C. § 405(g).

Plaintiff filed a report from Dr. Domm dated February 6, 1976 in support of his motion to remand. Although that report is not the basis for remanding the case, the Secretary should consider it for whatever probative value it may have in considering the claim.

Order Accordingly.

---

* If the Secretary determines that plaintiff has less than fifteen years of coal mine employment, he must then consider whether plaintiff is entitled to benefits pursuant to 20 C.F.R. §§ 410.414(b)(4) and 410.414(c).